UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAY HELLER, individually and on behalf of all others similarly situated, | Case No. : 21-3583 |
| Plaintiff, | |
| v. | CLASS ACTION COMPLAINT |
| HARRIS & HARRIS, LTD., and DOES 1-10, | JURY DEMANDED |
| Defendants. | |

Now comes the Plaintiff, JAY HELLER ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, and for his Class Action Complaint against the Defendants, HARRIS & HARRIS, LTD. ("Harris") and DOES 1-10, inclusive, and each of them, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., which prohibits debt collectors from engaging in harassing, oppressive, abusive, deceptive, unfair, and unconscionable practices in connection with the collection of debts. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors," due to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under a law of the United States, the FDCPA.

4. This Court also has jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District and Defendant Harris resides in this District.

**PARTIES**

6. Plaintiff is an individual who was at all relevant times residing in the City of Northbrook, County of Cook, and State of Illinois.

7. On information and belief, Defendant Harris is a corporation of the State of Illinois, which has its principal place of business in Chicago, Illinois.

8. On information and belief, at all times relevant hereto, Harris was engaged in the business of the collection of debts.

9. Plaintiff is a "consumer," as defined by 15 U.S.C. § 1692a(3) as he is a natural person allegedly obligated to pay a debt.

10. At all relevant times, Harris acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it uses any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that, on information and belief, it is an alleged obligation of a consumer, the Plaintiff herein, to pay money arising out of a transaction in which the money, property, insurance, and/or

services which are the subject of the transaction were primarily for personal, family, and/or household purposes.

12. The true names and capacities of the Defendants sued herein as DOES 1-10 are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a Doe is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the Doe Defendants when such identities become known.

13. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTS COMMON TO ALL COUNTS

14. On or about August 11, 2020, Harris sent a letter to Plaintiff seeking to collect a debt Plaintiff allegedly owed to NorthShore University HealthSystem. A copy of said letter is attached hereto as Exhibit A, with Plaintiff's account numbers and home address redacted.

15. Said letter contained at least four instances of amounts Harris was seeking to collect from Plaintiff which were obviously duplicative in that the amounts, dates of service, and account numbers were the same for each duplicative entry in the letter. The letter sought payment of identical, duplicative amounts as follows:

  a. $201.28 for a date of service of March 16, 2019;

  b. $776.19 for a date of service of April 6, 2019;

   c.  $125.40 for a date of service of April 6, 2019; and

   d.  $194.58 for a date of service of September 19, 2019.

  16.  After receiving said letter, in August of 2020, Plaintiff placed a first telephone call to Harris to discuss the alleged debt Harris was attempting to collect from him. The representative of Harris with whom Plaintiff spoke insisted that Plaintiff owed all of the amounts listed in Harris's August 11, 2020 letter and demanded payment of those amounts, despite Plaintiff's explanation regarding the duplicative entries described above.

  17.  Subsequently, also in August of 2020, Plaintiff placed a second telephone call to Harris to discuss the alleged debt Harris was attempting to collect from him. Plaintiff again explained the issue with the duplicative entries described above to the representative of Harris with whom Plaintiff spoke during this second call. That representative admitted to Plaintiff that the total amount Harris sought to collect from Plaintiff, as indicated in the letter, was incorrect.

  18.  As a result of Defendants' acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, wasting Plaintiff's time, aggravation, inconvenience, frustration, emotional distress, and similar categories of damages.

  19.  In its attempts to collect the alleged debt as outlined above, Defendants sought to collect an alleged debt from Plaintiff in an obviously incorrect amount and violated the FDCPA.

  20.  At all times pertinent hereto, Harris was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Harris.

## CLASS ALLEGATIONS

21. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class:

> All persons within the United States who were sent debt collection letters from Defendants within one year prior to the filing of this lawsuit, which contained incorrect and/or duplicative balance entries or amounts which Defendants were attempting to collect.

22. Plaintiff represents, and is a member of, the Class, consisting of all persons in the United States who were sent debt collection letters from Defendants within one year prior to the filing of this lawsuit, which contained incorrect duplicative balance entries or amounts Defendants were attempting to collect.

23. Defendants, their employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of the matter.

24. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class include hundreds, if not thousands of members. Plaintiff alleges that the Class members may be ascertained by the records maintained by Defendants.

25. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of the Class members is impractical and the disposition of their claims in a class action will provide substantial benefits both to the parties and to the Court.

26. There are questions of law and fact common to the Class affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

    a. Whether the Class members were sent debt collection letters from Defendants which contained incorrect and/or duplicative balance entries or amounts which Defendants were attempting to collect;

    b. Whether the Class members suffered damages as a result of Defendants' conduct, and the proper amount of such damages; and

    c. Whether Defendants violated the FDCPA, 15 U.S.C. § 1692, *et seq*.

27. As a resident of the United States who was sent a debt collection letter from Defendants which contained incorrect and/or duplicative balance entries or amounts which Defendants were attempting to collect, within one year prior to the filing of this lawsuit, Plaintiff is asserting claims that are typical of the Class.

28. Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class.

29. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

30. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all class members is impracticable. Even if every class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties,

and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each class member. Class treatment will also permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

31. The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party class members to protect their interests.

32. Defendants have acted or refused to act in respect generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

33. The FDCPA, 15 U.S.C. § 1692e, states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
> (2) The false representation of--
>     (A) the character, amount, or legal status of any debt;
> …
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

34. The FDCPA, 15 U.S.C. § 1692f, states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

7

> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

35. By sending debt collection letters which contained incorrect and/or duplicative balance entries or amounts which Defendants were attempting to collect, Defendants used false, deceptive, or misleading representations or means in connection with the collection of a debt in violation of the FDCPA, 15 U.S.C. § 1692e.

36. By sending debt collection letters which contained incorrect and/or duplicative balance entries or amounts which Defendants were attempting to collect, Defendants falsely represented the character and amount of a debt, in violation of the FDCPA, 15 U.S.C. § 1692e(2)(A).

37. By sending debt collection letters which contained incorrect and/or duplicative balance entries or amounts which Defendants were attempting to collect, Defendants used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer, in violation of the FDCPA, 15 U.S.C. § 1692e(10).

38. In multiple instances, by sending debt collection letters which contained incorrect and/or duplicative balance entries or amounts which Defendants were attempting to collect, Defendants engaged in , in violation of the FDCPA, 15 U.S.C. § 1692f.

39. In multiple instances, by sending debt collection letters which contained incorrect and/or duplicative balance entries or amounts which Defendants were attempting to collect, Defendants engaged in the collection of amounts which were not expressly authorized by the agreements creating the debts or permitted by law, in violation of the FDCPA, 15 U.S.C. § 1692f(1).

40. The size and definition of the Class can be identified through Defendants' records or Defendants' agents' records.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 40 above as if reiterated herein.

42. As a direct proximate result of Defendants' conduct, and their violations of the FDCPA as set forth above, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to recover such damages in addition to such additional amount as the Court may allow, plus reasonably incurred attorneys' fees and costs of this action, pursuant to 15 U.S.C. § 1692k(a).

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

   a. An order certifying the Class and appointing Plaintiff as Representative of both classes;

   b. An order certifying the Plaintiff's counsel as Class Counsel for the Class;

   c. An order requiring Defendants, at their own cost, to notify all Class members of the unlawful conduct herein;

   d. Judgment against Defendants for all actual damages suffered as a result of any FDCPA violations by Defendants plus such additional amount as the Court may allow, pursuant to 15 U.S.C. § 1692k(a);

   e. An order for injunctive relief prohibiting such conduct by Defendants in the future;

    f.      Judgment against Defendants for pre-judgment interest and post-judgment interest;

    g.      Judgment against Defendants for Plaintiff's court costs and other litigation costs, including reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    h.      Any other relief deemed just and proper by this Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action which are so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

JAY HELLER

By:    /s/ David B. Levin
        Attorney for Plaintiff
        Illinois Attorney No. 6212141
        Law Offices of Todd M. Friedman, P.C.
        111 W. Jackson Blvd., Suite 1700
        Chicago, Illinois 60604
        Phone: (224) 218-0882
        Fax: (866) 633-0228
        dlevin@toddflaw.com

**Harris & Harris, Ltd.**
111 West Jackson Boulevard, Suite 400
Chicago, IL 60604-4135
**(855)326-7915**

| Creditor(s): | NORTHSHORE UNIVERSITY HEALTHSYSTEM |
|---|---|
| Reference#: | 43218993 |
| Amount Due: | $3,022.77 |

**PAY THIS AMOUNT**

EXHIBIT A



August 11, 2020

## DELINQUENCY NOTIFICATION

Dear Jay Heller:

Please be advised that your past due account(s) in the total amount of $3,022.77 has/have been forwarded to our office for collection.

Various payment options are available for your convenience:



| Mail payment in enclosed envelope | Pay online: www.payharris.com | Pay By Phone: 855-959-0203 |

**Payment Plan and Other Payment Assistance:**
If you would like to pay the amount due, but anticipate difficulty paying, please contact our office at (855)326-7915 for information regarding payment plans and charity care consideration. You may also inquire about financial assistance with Northshore and obtain free copies of Northshore's financial assistance policy, application, and plain language summary by visiting the Northshore website at www.northshore.org/about-us/billing/financial-assistance or calling Northshore's customer service department at (847)570-5000. Nothing in this paragraph limits the rights stated in the FEDERAL LAW section of this letter directly below.

**Insurance Billing:**
If you believe there is insurance coverage for this outstanding balance, please complete the insurance questionnaire found on the reverse side of this letter and return it to this office by mail or fax. If you complete and return the insurance questionnaire, you authorize this office to contact the insurer regarding the outstanding balance. Nothing in this paragraph limits the rights stated in the FEDERAL LAW section of this letter directly below.

**FEDERAL LAW**

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Additional details may be included on the reverse side of this letter.

When you provide a check as payment, you authorize us to use information from your check to make a one-time electronic fund transfer from your account. In certain circumstances, such as for technical or processing reasons, we may process your payment as a check transaction.

**Notice: See Reverse Side for Important Information**

This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This communication is from a debt collector. Harris & Harris, Ltd. is a collection agency.

VHC1PADV
HarrisHarris.wfd
830993
00000088
Page 1 of 2

▲ Please Detach And Return In The Enclosed Envelope With Your Payment ▲

PO Box 5462
Chicago, IL 60680-5462

*Personal & Confidental*

| Creditor(s): | NORTHSHORE UNIVERSITY HEALTHSYSTEM |
|---|---|
| Reference#: | 43218993 |
| Amount Due: | $3,022.77 |
| Enclosed Amount: | |

HELLER, JAY

Harris & Harris, Ltd.
111 West Jackson Boulevard, Suite 400
Chicago, IL 60604-4135

300432189930131800030277

Phone Inquiries: call (855)326-7915, use Ref #43218993

**Detail Box**

| Patient Account # | Creditor Name | Date of Service | Patient Name | Balance |
|---|---|---|---|---|
| | Northshore University Healthsystem | 01/06/2020 | Heller, Lori | $16.44 |
| | Northshore University Healthsystem | 12/26/2019 | Heller, Lori | $45.86 |
| | Northshore University Healthsystem | 02/05/2020 | Heller, Jay | $205.61 |
| | Northshore University Healthsystem | 09/19/2019 | Heller, Lori | $194.58 |
| | Northshore University Healthsystem | 04/06/2019 | Heller, Jay | $776.19 |
| | Northshore University Healthsystem | 04/30/2019 | Heller, Lori | $37.67 |
| | Northshore University Healthsystem | 04/06/2019 | Heller, Jay | $85.67 |
| | Northshore University Healthsystem | 09/19/2019 | Heller, Lori | $194.58 |
| | Northshore University Healthsystem | 04/06/2019 | Heller, Jay | $125.40 |
| | Northshore University Healthsystem | 04/06/2019 | Heller, Jay | $776.19 |
| | Northshore University Healthsystem | 04/06/2019 | Heller, Jay | $125.40 |
| | Northshore University Healthsystem | 02/01/2020 | Heller, Jay | $36.62 |
| | Northshore University Healthsystem | 03/16/2019 | Heller, Jay | $201.28 |
| | Northshore University Healthsystem | 03/16/2019 | Heller, Jay | $201.28 |
| | | | **Total:** | **$3,022.77** |

**Electronic Payment Authorization.** By (1) calling Harris & Harris, Ltd. at (855)326-7915 or taking a call from us; (2) specifying the amounts and dates of payments you would like to make; (3) identifying the deposit account of yours you wish to use for making payments; and (4) electronically signing this Authorization, you authorize us to initiate payments from your account in the amounts and on the dates that you specify. You also authorize us to resubmit any unsuccessful payment or correct any erroneous payment. You understand that your bank may charge a fee for any unsuccessful payment and that we have no liability for any such fee. You may cancel this Authorization by calling us at (855)326-7915 or writing us at least three business days before you wish the cancellation to be effective. This Authorization in no way limits any right you may have under federal law to stop payment of a preauthorized electronic fund transfer by contacting your financial institution.

Please complete this section if you believe there is insurance coverage
for the remaining balance and mail or fax this page to (312) 251-2333.

Policy Holder's Name:_____  Policy Holder's Date of Birth:_____

Policy Holder's Employer:_____  Policy Holder's Telephone #:_____

Insurance Company's Name:_____  Insurance Company's Phone #:_____

Insurance Company's Address:_____

Insurance Company's Number or ID#:_____  Group #:_____

Effective Date of Policy:_____

Is this a health insurance, Workman's Comp., or personal injury Case:_____

00000088
830993

Page 2 of 2